IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

WESLEY PRICE VICK, JR.,                )
                                       )
             Petitioner,               )
                                       )
      v.                               )        CV 126-111
                                       )
TYRONE OLIVER, Commissioner,           )
                                       )
             Respondent.               )

---

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner brings the above-captioned case pursuant to 28 U.S.C. § 2254, and he originally filed this petition in the Middle District of Georgia. United States District Judge Marc T. Treadwell transferred the petition to this District because Petitioner seeks to challenge his conviction in the Superior Court of Columbia County, Georgia. (See doc. no. 3.) On June 11, 2026, the Clerk of Court issued a deficiency notice that directed Petitioner to pay the $5.00 filing fee or file a motion to proceed *in forma pauperis* within twenty-one days, (doc. no. 6), but Petitioner did not respond. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

I.      BACKGROUND

Petitioner was convicted of rape, aggravated child molestation, and child molestation in Columbia County Superior Court, and on August 31, 2023, he was sentenced to life in prison plus twenty-years. (Doc. no. 1, p. 1); see also Columbia Cnty. Clerk of Court Web Docket,

available at https://www.columbiaclerkofcourt.com, click "I agree," (follow "Criminal Search" hyperlink; then search for Case # 2021CR0371, last visited July 13, 2026), Ex. A attached; United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).  The Georgia Court of Appeals affirmed Petitioner's convictions on September 16, 2025.  Vick v. State, No. A25A1500 (Ga. Ct. App. Sept. 16, 2025), available at https://www.gaappeals.gov/docket-search, search A25A1500, last visited July 13, 2026), Ex. B attached.  Petitioner next filed a state habeas corpus petition in the Superior Court of Baldwin County, and a hearing is scheduled on that petition for September 2, 2026.  Vick v. Phams, No. 2026-SU-HC-15, available at https://peachcourt.com/Court, Search By Party Name "Vick, Wesley" in Baldwin County, last visited July 13, 2026), Exs. C & D attached; see also doc. no. 1, pp. 2, 12.

In his current federal petition, Petitioner challenges his state convictions on multiple grounds, including but not limited to, alleged trial court error, insufficiency of the evidence, and ineffective assistance of counsel.  (See generally doc. no. 1.)

## II.    DISCUSSION

### A.    The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure.  See 28 U.S.C. §§ 2254(b)(1)(A) & (c).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the

question presented." Id. § 2254(c) (emphasis added).  A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims.  Castille v. Peoples, 489 U.S. 346, 351 (1989).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts."  Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003).  The exhaustion requirement applies with equal force to all constitutional claims.  See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992).  "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'"  Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion."  Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)).  However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal.  See Powell v. Allen, 602 F.3d 1263, 1269 (11th Cir. 2010) (*per curiam*); Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982).  Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of

3

his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

**B.      Petitioner Failed to Exhaust State Remedies**

Petitioner does not allege that he has exhausted his state court remedies.  Indeed, he concedes his state habeas corpus proceedings are ongoing, (doc. no. 1, pp. 2, 12; Ex. C), and his case is scheduled for a hearing on September 2, 2026, (Ex. D).  Thus, Petitioner has not exhausted his state court remedies because he has not completed his state habeas corpus proceedings. Moreover, it is improper to attempt to circumvent the state courts in favor of moving directly to the federal courts.  Generally, as a matter of comity, the state courts must be afforded a fair opportunity to hear claims raised in a habeas corpus petition challenging custody resulting from a state court judgment.  Picard v. Connor, 404 U.S. 270, 275 (1971).  However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and have, for one reason or another, refused or been unable to act upon the claim."  St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972).[1]

In this regard, "[a] federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief."  Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991); see also Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972) (ruling that an inordinate delay can, under

---

[1]Under Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.  661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

certain circumstances, excuse exhaustion).  However, the Court must be mindful that "state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011).  Indeed, the exhaustion requirement ensures "that state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding."  Id.  Here, Petitioner's state habeas corpus petition has been pending not even one month, thereby showing there has been no undue delay in his state proceedings.

In sum, Petitioner has not completed his state habeas corpus proceedings.  Requiring exhaustion will allow for factual development of the claims and provide the state courts the first opportunity to correct any alleged constitutional violations.  As Petitioner has not exhausted available state court remedies, his federal habeas corpus petition should be dismissed without prejudice.

**C.     The Petition Also Should Be Dismissed Because Petitioner Failed to Pay the $5.00 Filing Fee or File a Motion to Proceed *In Forma Pauperis***

As described above, the Clerk of Court directed Petitioner to pay the $5.00 filing fee or submit a motion to proceed *in forma pauperis*, (doc. no. 6), but he has not responded.  In fact, he has not communicated with the Court at all since Judge Treadwell transferred the petition to the Southern District, suggesting he has abandoned his case.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources

of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c).

Here, Petitioner did not pay the $5.00 filing fee, submit a motion to proceed *in forma pauperis*, or otherwise explain to the Court why he failed to respond to the Clerk's notice, amounting to a failure to prosecute. This is precisely the type of neglect contemplated by the Local Rules. Thus, in addition to Petitioner's failure to exhaust state court remedies as described above, the case is also subject to dismissal for failing to pay the filing fee or submit a motion to proceed *in forma pauperis*.

## III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 13th day of July, 2026, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA