IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

WESLEY PRICE VICK, JR.,                    )
                                           )
                Petitioner,                )
                                           )
         v.                                )        CV 126-111
                                           )
TYRONE OLIVER, Commissioner,               )
                                           )
                Respondent.                )

_____

**O R D E R**

_____

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed, (doc. no. 9). The Magistrate Judge recommended dismissing the federal habeas corpus petition because Petitioner failed to (1) exhaust state court remedies, and (2) pay the $5.00 filing fee or submit a motion to proceed *in forma pauperis*. (Doc. no. 7.) In his objections, Petitioner first points out the $5.00 filing fee was paid after the recommendation for dismissal. (Doc. no. 9, p. 1.) Although the payment was untimely, because that deficiency has been corrected, the Court rejects the recommendation for dismissal based on any of the reasons discussed in Part II(C) of the July 13th Report and Recommendation.

Second, Petitioner explains his state habeas corpus hearing is scheduled to occur mere weeks before expiration of the one-year statute of limitations that applies to his federal habeas corpus petition pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d). (Doc. no. 9, pp. 1-2). Thus, he is concerned his

federal statute of limitations will expire prior to the conclusion of his state habeas corpus proceedings. (Id. at 2.) Notably, however, pursuant to § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction relief or other collateral review is pending in state court. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006).

Moreover, as the Magistrate Judge explained, (doc. no. 7, p. 4), generally, as a matter of comity, the state courts must be afforded a fair opportunity to hear claims raised in a habeas corpus petition challenging custody resulting from a state court judgment. Picard v. Connor, 404 U.S. 270, 275 (1971). Here, as Petitioner has not alleged the state court "has unreasonably or without explanation" failed to address his pending state petition, Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991), this Court should allow for factual development of the claims and provide the state courts the first opportunity to correct any alleged constitutional violations. Therefore, the Court concludes dismissal for lack of exhaustion is appropriate, and Petitioner's objections on this point are overruled.

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge, as modified herein, as its opinion and **DISMISSES** this petition filed pursuant to 28 U.S.C. § 2254 without prejudice. Furthermore, a prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

2

For the reasons set forth in the Report and Recommendation, as modified herein, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this ___6th___ day of August, 2026, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1]"If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

3